Mr. Mahoney, when you are ready. Good morning, Your Honors. Counsel. My name is Seamus Mahoney. I represent Mr. Robinson in this matter. This is an allergy, not a cold. Your Honors, we are here on a pretrial dismissal of the complaint. Essentially, the issue was that the filing of Mr. Robinson's complaint was six years and one day. Counsel had filed a motion to dismiss based on the extension of going over the statute of limitations. At the time, I thought I had made a timely filing. It didn't occur to me that we had made a mistake in my office based on the federal holiday. So I failed to respond to counsel's position that it was beyond the statute of limitations. At the hearing in front of Judge Magnuson, Judge Magnuson brought up the fact that it was a federal holiday on the last day of the six-year period. At the time, I concluded that, obviously, we weren't beyond the statute of limitations. The judge had seen that, and I made the erroneous conclusion, apparently, that the judge would rule sui sponte that, well, that defense is not available because it was within the statute of limitations. When we got the judge's order, I wrote a letter requesting the opportunity to have the matter reheard. And I was denied that opportunity. Throughout this, I realized I've made mistakes, but my client having to suffer from my failure to respond within the time. And I did respond or attempted to respond within the time period to clear up the record and respond to the pleading of counsel. At the time in the judge's ruling, he decided or concluded that I had not taken his hint that I should do so. And in reviewing the transcript, I don't believe that was in there, that I, you know, why don't you do this, Mr. Mahoney? I suppose I should have recognized, actually, I don't think I should have recognized that. It wasn't there in the language of the transcript. Let's set aside for a moment what you did or should have done. My question really is this, is that if an action is brought within the statutory period of limitation, can the lawyer concede that it's outside the statute of limitations and then the judge just is bound by that? I mean, it seems to me that the finding of the time period is a judicial finding. It's nothing else, and you can say all you want about what it is. I guess as I spent a long time on the trial bench, I would have figured I don't really care what the lawyers are telling me that time period is. I decide the time period based on what the rules are. This rule clearly seems to add a day because November 11th is a holiday. Your Honor, exactly, and that's what I was confused by because, again, as the judge's order was saying or response was that I had admitted that we were beyond the statute of limitations, and I don't think I was admitting that we were beyond the statute of limitations. I was admitting that it was six years and one day. I was reaching for some way around that by raising the issue of the... Paramount authority, right? Yes, exactly, and so the fact was that I was very surprised by the judge's ruling. Did you do anything to help the judge? I mean, when he suggested there might be this federal holiday rule, did you say, ah, oh, yeah, that's right, and now you should deny the motion? Right. Your Honor, I didn't do that. As the judge was responding to counsel's argument, it was pretty clear that he was saying that one doesn't fly because that date didn't apply. Again, going back to what I should have done on those things, clearly, I don't think that there's anything in the law that would hold my mistake, not to mention that, oh, by the way, I acknowledge it was six years and one day. However, that date didn't apply because Your Honor just said it, that date wouldn't apply because the rules are very clear about how to calculate that date. Were there any filings on this question after the hearing where he brought up the federal holiday rule? Could you speak, Your Honor? Were there any filings by you or by the other side after this hearing where the district court brought up the federal holiday rule? No, I did not file anything further. I am relying on the understanding that the judge had seen, well, this rule doesn't apply. I mean, the statute of limitations argument doesn't apply because the rules are very clear. You get the extra day if it's a weekend or a federal holiday. Again, I had not calculated that correctly. Looking back on it, I must have at the time considered that because it was the holiday. We came and we filed it. Well, I'm not sure I'm following what you're saying right now. I mean, because I'm looking at your letter of October 25th, and you pretty clearly in your letter of October 25th tell the judge that, I think under 6A1C, that it was the November 11th is a federal holiday, and that made November 12th the last day for filing. Now, this is not really the picture of artful pleading because usually this comes in the form of a motion for a reconsideration or a motion for an additional hearing, and instead it's kind of informal because it's a letter to the judge. But you close with essentially a prayer for relief. You say, therefore, in substantial justice, you're requesting permission to argue that your complaint was timely made. And really what you're arguing is that it was timely made, and it's a motion to reconsider, and the judge rejects it. Now, why was the judge wrong when the judge rejected it? Well, Your Honor, my understanding from the local rules was you had to ask permission to file a motion to reconsider. So I was asking permission, and he said no. And that could very well be because I don't know the Minnesota local rules. And as I recall, it was fairly late, wasn't it? It was like a month after the district judge made the ruling. Am I wrong about that? I could be thinking of a different case. You were wrong about that, Your Honor, and the reason I say that is because we got the order, you know, there's a pandemic going on, I got kids, whatever, and I'm sort of trying to figure out what to do about this case and several other things. But we did get it in within the 10-day period. I believe it was a 10-day time limit. But I think that annoyed the judge because, here again, I was pushing it to the last minute to respond. But it was timely, my request for the rehearing, and I really don't have an understanding of why the judge would at least allow a rehearing to, you know, go over that issue. So what's our standard review here? And I'm trying to figure this out. We're de novo because the statute of limitations is a legal question. But I think the district judge is saying you forfeited it by not raising it yourself, which I guess is also a legal question, whether forfeiture happened. But then you have the motion for reconsideration, which is abuse of discretion. There's a lot of things going on here, and I'm just trying to figure out, because I'm sympathetic to Judge Grunder's argument that you didn't help the judge. But I'm also sympathetic to Judge Erickson's argument this is a legal question. So I'm trying to figure out what you think the standard of review as to how we're supposed to review the district court's overall decision here is. Well, my understanding is it's a de novo review, right? So the facts come in. Again, from the review of the transcript and my letter to him, I was sort of confused by the idea that I had admitted that, well, I did. But that was outside the statute of limitations when I was trying to acknowledge that it was statute of limitations in one day. And then in terms of what was the second part of your question? Just, you know, we've got a lot of different things. We've got the motion for reconsideration, which is abuse. There's just a lot of different things going on, and I'm just trying to figure out what we're actually reviewing and what the standard is. Correct, Your Honor. Again, my understanding is it's a de novo review, and I would just ask you to review the facts that that is not a basis to dismiss the case. As the hearing concluded, counsel was on her heels a little bit, having to say, well, maybe that wasn't a national holiday or that didn't apply. To me, it was very clear the judge had said, you know, this was inside the statute of limitations. And so when we got the order, I was sort of scratching my head going, what? And then when I tried to, you know, request to have a rehearing on it, just, you know, it was thrown back at me again. It was like somehow it was late, even though it wasn't late. It was, you know, two days or whatever it was before the deadline. Good morning. My name is Stephanie Engelke. I represent the appellees, City of Bloomington and its officers. To respond to a few points that were raised during argument, first of all, the record shows that the district court's order was filed on September 30th of 2020. And the letter requesting permission to file the motion for reconsideration was not filed until October 25th, 2020. And then the court denied that, I think, three days later. So it was nearly a month then, not quite a month. Yes. Is there a 10-day rule? I believe the District of Minnesota Local Rule 7.1 may address the restriction or the requirement for seeking permission to file a motion for reconsideration. I'm not sure off the top of my head if it's 10 days. Also, to address some of the questions, in terms of the standard of review issues here, overall, this is a motion to dismiss under Rule 12. So this court does review that de novo. With regard to the overall issues here, really to sum this up, this is a case about when issues are raised or not raised before seeking permission. To bring a motion for reconsideration. That's really what this case is about. This circuit has many cases that establish that absent exceptional circumstances, the court cannot consider issues that were not raised in the district court in a motion for reconsideration. And we need to be able to allow courts to think out loud. And we cannot take Judge Magnuson's comments on the record about the rule as a holding. That's not the holding. The holding came out in the order. And ultimately, it is not the court's role to be the advocate for Robinson here. That's counsel's role. And counsel did not pursue that argument. Why, though, might it not be reasonable for Mr. Mahoney to say to himself, oh, the judge just solved my problem, I don't need to say anything else? Well, we have the transcript in the record, Your Honor, and a review of the transcript certainly does show the court raising the question about the federal holiday rule. I would say it certainly captures my surprise and need to touch up on the rule. But what it also shows is that there is no pursuit by appellant's counsel of that issue. That was a softball throw in that was missed. Instead, it was an explanation about an error or reliance on a clerk. And it just, the argument was not pursued. And that's not the role of the court to be the advocate for Mr. Robinson, even if, as a matter of law, it's true. Yes, I am well schooled on that rule now. So you agree, then, that if we're sitting, you know, all this stuff wouldn't have happened, that the complaint, in fact, would have been timely under the rule? Not the complaint entirely, but at least some of the claims would have been timely under the federal holiday rule, if it was raised. I mean, it's an issue. This case is not unique. I primarily am a defense attorney. I see it frequently. I could see claims that would I pursue those or could be pursued or argued, but they're not. And I think that the court sees that all the time as well, but that's not the role of the court. Well, hold on, wait a minute. It maybe very well is the role of the court. Don't you think about this for a moment? This is an affirmative defense that's waivable. It rests on the party asserting the statute of limitations of a defense to prove that the limitation period has run. And the judge has an obligation to know the rule and to apply the rule. And if, in fact, the statute of limitations is three years, well, gosh, we're trial judges. We're supposed to know that it's three years and a day if it falls on Thanksgiving or Veterans Day or Memorial Day. I mean, that's our job as a trial judge. And are we really dependent upon some other lawyer, the other side, to say that, hold on, wait a minute, there's a holiday exception? And if the judge recognizes there's a holiday exception, can the other side even, can you waive it? Where do we have a case that says you can waive that and give away the statute of limitations? I mean, I get where we don't ordinarily save lawyers from their own malpractice, but I don't get where we let lawyers commit malpractice to give away the statutory in nature. Well, Your Honor, a few things. So, yes, the court, in terms of the applicable law, in terms of the statute of limitations, and then the rules application, the court ultimately has the authority to apply that. But my point is that the court should only be applying the issues that are brought to it and argued before it. And it starts to cross a line if the court is now acting on Robinson's behalf on the issue. And it was an invitation for it to be raised by Robinson, and it was not until procedurally the request for the motion for reconsideration. So when we look at it in that regard, in terms of when it is pursued, even if, as a matter of law, yes, the six days associated with six years in one day, you could pass go on some of the claims. It's procedurally we look at when is that issue pursued. And that's the problem here, is that we can't get around it on Platt Valley Bank, Gregory, Hagerman, the cases that are cited in the brief, absent exceptional circumstances. And I would argue that we don't have exceptional circumstances here. We're talking about a six-year statute of limitations, which is a very generous statute of limitations for a Section 1883 claim. And the focus below had really been on the paramount authority issue, which I would rely on a briefing that the court should not adopt a paramount authority rule here. I want to redirect your attention a little bit. So I think what Judge Erickson has been asking about is the district court's responsibility. But I want to ask you about our responsibility as a court of appeals. I think that probably the plaintiffs here forfeited the argument based on the legal holiday rule. I think it was never brought up until the motion for reconsideration. I think it meets the definition of forfeiture. However, I'm not sure that that necessarily means the plaintiffs lose, because we have exceptions to the forfeiture doctrine on appeal when there's no doubt about the right answer. And I asked you that question about whether you think there's any doubt about the legal holiday. And I don't think either party thinks at this point there's any doubt about it. And the second is when it's a purely legal question. And I think this is a purely legal question. So my question for you is, why shouldn't we, even if plaintiff was dilatory before the district court, why shouldn't we apply the legal holiday? Why shouldn't we apply these doctrines and essentially say, look, it was forfeited, but we're going to exercise our discretion and fix the error? Well, the second part of procedurally that we would also look at is that an issue is ultimately waived on appeal if it was not raised earlier and was not adjudicated. So in addition to it not being pursued, additionally, the district court ultimately did not make a decision on that. That would be under Yankton Sioux Tribe versus U.S. Department of Health and Human Services. I guess the key question, though, in my mind is, is this a waiver or a forfeiture? A waiver being a knowing relinquishment of a known right and a forfeiture being just not raising it. I don't know if I have an answer to that question. I guess the way that I've approached it in our briefing is that there has ultimately been a waiver, both below by not addressing it until the request for reconsideration, but then secondly, there's also the issue waiver on appeal because it's not raised earlier and it's not adjudicated. So another case that could be looked at also is waiver language under Anderson versus Unisys Corp. That this court's repeatedly determined arguments are waived when they are not raised below before filing a motion for reconsideration. So it's joining there's not an adjudication in conjunction with not raising below. Of course, you would at least have an argument that it was a known right because the judge mentioned it to counsel. Yes. Yes, Your Honor, that it was brought up during the hearing. So, you know, we're on notice. It's very clear that the court is thinking about that question. Finally, with my last second, I would just ask that the court affirm the district court's dismissal. In its entirety. Thank you. Thank you. Mr. Mahoney, you used your time, but I'll give you one minute. Hold on for a second. Thank you, Your Honor. I appreciate that. I just wanted to confirm I haven't had a chance to look it up, but I do recall that we did file a motion to reconsider letter within the time period that was under the local rules. It was towards the end of it. No question. But it was within the rule within the time period. And it certainly would seem to me to be. I certainly didn't intend to waive and Mr. Robinson's rights to have the application of the federal rules. And so I thought we were going to get to some of the other more. I guess the central issues of the case that the police do what they did abusing their power. And so that was what I was coming from. Your Honor.  But I do know that it was done. The motion to reconsider was done within the time of the period. I just want to make that clear. Thank you, Your Honor. Very well. Thank you, counsel. The court appreciates your appearance and arguments today that case is submitted and we will decide it in due course.